FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2008 APR 16 PM 3: 07

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

ROBERT FRANKLIN BROWNE,

    Plaintiff,

v.

SHERIFF DON HUNTER, Sheriff of
Collier County, Florida, and DENNIS
SHERIDAN, individually and in his
official capacity, SCOTT FREIBURGER,
individually and in his official capacity,
AUTUMN BROWN, individually and in
her official capacity, and JOHN DENNISON,
individually and in his official capacity.

    Defendants.
_____/

CASE NO. _____

2:08-cv-313-FtM-34 DNF

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, ROBERT FRANKLIN BROWNE, and sues Defendants, SHERIFF DON HUNTER, Sheriff of Collier County, Florida, and DENNIS SHERIDAN, individually and in his official capacity, SCOTT FREIBURGER, individually and in his official capacity, AUTUMN BROWN, individually and in her official capacity, and JOHN DENNISON, individually and in his official capacity, and alleges:

### NATURE OF LAWSUIT

1.    This is an action for the deprivation of the civil rights of the Plaintiff, ROBERT FRANKLIN BROWNE, under the Fourth and Fourteenth Amendments to the United States Constitution, and for violations of state law.

## JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, and under laws of the United States, particularly the Civil Rights Act, 42 U.S.C. §1983 and §1988.

3. The jurisdiction is invoked pursuant to 28 U.S.C. §§1331 and 1343 which authorizes the aggrieved party to file a civil action in the appropriate United States District Court.

4. Because jurisdiction is proper based on Plaintiff's federal claim, this Court has supplemental jurisdiction over Plaintiff's state law claims for assault and battery, negligent infliction of emotional distress, false imprisonment, and failure to properly train. Plaintiff's state law claims arise out of the same common nucleus of operative facts as his federal claims.

5. Venue in this matter properly lies in the Middle District of Florida, Fort Myers Division pursuant to 28 U.S.C. §1391 (b) and the local rule.

## PARTIES

6. Plaintiff, ROBERT FRANKLIN BROWNE, is, and at all times material hereto was, a citizen of the United States residing in Collier County, Florida.

7. Defendant, SHERIFF DON HUNTER, is the duly elected Sheriff of Collier County, Florida (hereinafter "SHERIFF"), and is a "person" within the definition of 42 U.S.C. §1983. The SHERIFF is an elected constitutional officer and an official acting as the final decision-making agent for the Collier County Sheriff's Department, and was acting under color of the law of Florida at all times material to this action.

8. Defendant, DENNIS SHERIDAN (hereinafter "SHERIDAN"), is, and at all times material hereto was, a resident of Collier County, Florida. At all times material hereto,

Defendant SHERIDAN was a duly appointed and acting Deputy employed by the Collier County Sheriff's Department. Defendant, SHERIDAN, was appointed Deputy Sheriff pursuant to the provisions and authority of Florida Statute 30.07 by SHERIFF Hunter. As such, SHERIDAN was a duly appointed agent authorized to enforce the laws of the State of Florida, and was so acting under the color of law of Florida at all times material hereto.

9. Defendant, SCOTT FREIBURGER (hereinafter "FREIBURGER") is, and at all times material hereto was, a resident of Collier County, Florida. At all times material hereto, Defendant FREIBURGER was a duly appointed and acting Deputy employed by the Collier County Sheriff's Department. Defendant, FREIBURGER, was appointed Deputy Sheriff pursuant to the provisions and authority of Florida Statute 30.07 by SHERIFF Hunter. As such, FREIBURGER was a duly appointed agent authorized to enforce the laws of the State of Florida, and was so acting under the color of law of Florida at all times material hereto.

10. Defendant, AUTUMN BROWN (hereinafter "BROWN") is, and at all times material hereto was, a resident of Collier County, Florida. At all times material hereto, Defendant BROWN was a duly appointed and acting Deputy employed by the Collier County Sheriff's Department. Defendant, BROWN, was appointed Deputy Sheriff pursuant to the provisions and authority of Florida Statute 30.07 by SHERIFF Hunter. As such, BROWN was a duly appointed agent authorized to enforce the laws of the State of Florida, and was so acting under the color of law of Florida at all times material hereto.

11. Defendant, JOHN DENNISON (hereinafter "DENNISON") is, and at all times material hereto was, a resident of Collier County, Florida. At all times material hereto, Defendant DENNISON was a duly appointed and acting Deputy employed by the Collier County

Sheriff's Department. Defendant, DENNISON, was appointed Deputy Sheriff pursuant to the provisions and authority of Florida Statute 30.07 by SHERIFF Hunter. As such, DENNISON was a duly appointed agent authorized to enforce the laws of the State of Florida, and was so acting under the color of law of Florida at all times material hereto.

## CONDITIONS PRECEDENT

12. All conditions precedent to the institution of this action have either occurred, been performed or excused.

## FACTUAL ALLEGATIONS

13. On October 5, 2005, Plaintiff, ROBERT FRANKLIN BROWNE (hereinafter "ROBERT BROWNE") was operating a motor vehicle on Vanderbilt Beach road in Collier County, Florida. At that time, ROBERT BROWNE changed lanes and the rear bumper of his vehicle came in contact with the front bumper of another vehicle traveling in the same direction. The second vehicle traveled on while ROBERT BROWNE stopped his vehicle to see what damage, if any, had been done. After stopping his vehicle and seeing no damage to it, ROBERT BROWNE continued on to his home in Naples, Florida.

14. Deputy SHERIDAN, who was called to investigate the traffic incident, went to ROBERT BROWNE's home as part of his investigation. At ROBERT BROWNE's home, SHERIDAN called for other officers to come to the residence which included, deputies FREIBURGER and BROWN to assist him. All three (3) deputies failed to obtain a warrant for the arrest of ROBERT BROWNE for the misdemeanor they were investigating, which was either careless driving or leaving the scene of an accident involving minor property damage, in spite of the opportunity they had to so.

15. The Deputies knocked on ROBERT BROWNE's door and he answered the door. Upon opening the door, Deputy SHERIDAN asked ROBERT BROWNE if he had been involved in an automobile accident in the afternoon to which ROBERT BROWNE responded in the affirmative. Without any permission or invitation from ROBERT BROWNE or probable cause, the deputies entered his home and advised ROBERT BROWNE that he was being arrested for leaving the scene of an accident with property damage and to put on his shoes.

16. ROBERT BROWNE became upset and the deputies then felt it best to handcuff him and physically take him outside his home to the patrol car. At the patrol car, Deputy FREIBURGER tasered ROBERT BROWNE between the shoulders and then placed him into the patrol car.

17. As an immediate effect of the tasing, ROBERT BROWNE soiled his pants and so advised the deputies. The deputies, however, did not allow him to return to home to obtain clean clothing, but instead took him directly to the Collier County jail, booked him and placed him in holding cell.

18. ROBERT BROWNE was at the very rear of the holding cell against the wall, which was under video surveillance, his hands cuffed behind his when Deputy DENNISON entered the holding cell and walked directly across the holding cell and tasered ROBERT BROWNE in the chest. As clearly shown on the videotape, ROBERT BROWNE was not attempting to resist and could not resist since his hands were handcuffed behind his back.

19. Immediately upon being tasered, ROBERT BROWNE collapsed to the holding cell floor unconscious. As a direct and proximate result of the excessive use of force by DENNISON, ROBERT BROWNE suffered multiple broken ribs and a laceration on his face.

20. After regaining consciousness, ROBERT BROWNE began shouting for medical attention. Deputies came to the cell and strapped him in a restraining chair which caused him additional pain and suffering. ROBERT BROWNE remained in the restraining chair for over four (4) hours.

21. The following morning, ROBERT BROWNE was scheduled for a first appearance, but the jail personnel advised him they had "lost" his paperwork and would have to remain in jail for another day.

22. Subsequent to the unprovoked and unwarranted tasering, Collier County Sheriff's Department conducted an internal affairs investigation and Deputy DENNISON was disciplined. Additionally, DENNISON was charged with battery on ROBERT BROWNE and subsequently was dismissed from the Collier County Sheriff's Department.

23. All charges against ROBERT BROWNE concerning the traffic incident and his unlawful arrest were dismissed by the State Attorney's Office.

### COUNT I - VIOLATION OF 4TH AMENDMENT RIGHTS

24. Plaintiff, ROBERT BROWNE, realleges and reavers all the allegations contained in paragraph 1-23 as if fully set forth herein.

25. This is an action by Plaintiff, ROBERT BROWNE, against the Defendants SHERIFF, SHERIDAN, FREIBURGER and BROWN under 42 U.S.C. §1983 AND §1988 to redress the violation of his constitutionally protected rights under the Fourth Amendment to the United States Constitution for the illegal and improper arrest of ROBERT BROWNE by members of the Collier County Sheriff's Department and the completely excessive use of force against his person by Defendants during the unlawful arrest without a warrant. The above-

described actions by the Defendants and the failure of the SHERIFF to properly train and supervise his deputies and to implement a continuing education or training program to ensure that the deputies understood the basic tenants of criminal law, specifically as it relates to their arrest powers and authority directly resulted in violation of ROBERT BROWNE's constitutional rights.

26. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants, ROBERT BROWNE suffered severe physical injury, including numerous broken ribs, facials lacerations, endured great pain and suffering, mental anguish and incurred substantial medical and other expenses, including legal fees and costs to defend the unlawful arrest and detention at the Collier County jail.

WHEREFORE, Plaintiff, ROBERT BROWNE, demands judgment against Defendants SHERIFF, SHERIDAN, FREIBURGER and BROWN, including but not limited to:

(a) compensatory damages for past and future lost wages, medical expense, past and future emotional distress, humiliation, metal anguish, pain and suffering and loss of enjoyment of life;

(b) the costs of this action together with reasonable attorney's fees pursuant to 42 U.S.C. §1988, additionally, the cost of legal fees related to the unlawful arrest and detention;

(c) any other further relief the court may deem necessary and proper to make Plaintiff whole; and

(d) trial by jury.

## COUNT II - VIOLATION OF 14TH AMENDMENT RIGHTS

27. Plaintiff, ROBERT BROWNE, realleges and reavers all the allegations contained in paragraph 1-23 as if fully set forth herein.

28. This is an action by Plaintiff, ROBERT BROWNE, against Defendants SHERIFF and DENNISON under 42 U.S.C. §1983 and §1988 for the violation of ROBERT BROWNE's constitutionally protected rights under the Fourteenth Amendment to the United States Constitution for the illegal, improper and complete excessive use of force against ROBERT BROWNE by DENNISON while in the custody of the Collier County Sheriff's Department and confined in a holding cell.

29. DENNISON's actions against ROBERT BROWNE as described in paragraph 18 above, and the SHERIFF's failure to properly train and supervise DENNISON in regard to the care and treatment of detainees under the control of the Collier County Sheriff's Department while in their jail facility; his failure to implement rules and regulations to prevent the abuse of persons held by the Collier County Sheriff's Department in its jail facility resulted in subjecting ROBERT BROWNE to depravation of rights and privileges secured to him under the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to the Constitution of the United States within the meaning of 42 U.S.C. §1983.

30. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants, ROBERT BROWNE sustained severe physical injury including several broken ribs and laceration on his face and psychological trauma, all of what caused him great pain and suffering, disability, mental anguish, emotional distress and he incurred substantial medical and other expenses in the treatment of these injuries, some of which are ongoing, as well as lost

wages.

WHEREFORE, Plaintiff, ROBERT BROWNE, demands judgment against Defendants SHERIFF and DENNISON, including but not limited to:

(a) compensatory damages for past and future medical expense, past and future emotional distress, mental anguish, humiliation, pain and suffering, cost of future psychological treatment, past and future loss of wages;

(b) the costs of this action together with reasonable attorney's fees pursuant to 42 U.S.C. §1988;

(c) any other further relief the court may deem necessary and proper to make Plaintiff whole; and

(d) trial by jury.

## COUNT III - STATE COUNT: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff, ROBERT BROWNE, sues Defendants, SHERIFF, SHERIDAN, FREIBURGER and BROWN, for battery and alleges as follows:

31. Plaintiff, ROBERT BROWNE, realleges and reavers all the allegations contained in paragraph 1-23 as if fully set forth herein.

32. Plaintiff, ROBERT BROWNE, has complied with all of the provisions of Florida Statute 768.28 prior to bringing this suit and attaches hereto and makes a part of this Complaint copies of letters sent to the Collier County Sheriff's Department and State Department of Financial Services as Exhibits A and B.

33. SHERIFF, pursuant to Florida Statute 30.07 is responsible for any actions and negligence of his deputies.

34. SHERIFF appointed Defendants, SHERIDAN, FREIBURGER and BROWN as deputies in Collier County, Florida and pursuant to Florida Statute 30.07 is responsible for their actions. On or about October 5, 2005, SHERIDAN, FREIBURGER and BROWN went to ROBERT BROWNE's home in furtherance of an investigation into an alleged traffic accident. Upon arriving at ROBERT BROWNE's home and without being invited or permitted to enter by ROBERT BROWNE and without an arrest warrant or probable cause, entered ROBERT BROWNE's home and unlawfully arrested and took him into custody.

35. In the course of doing so, SHERIDAN, FREIBURGER and BROWN negligently inflicted emotional distress and pain and suffering on ROBERT BROWNE by using unjustified and excessive force in accomplishing the unlawful arrest and detention of ROBERT BROWNE including, but not limited to, the use of a taser on him and by failing to allow ROBERT BROWNE to change his clothes after he soiled them when he was tasered.

36. As a direct and proximate result of Defendants' actions, ROBERT BROWNE suffered physical harm and injury, was humiliated, suffered severe emotional distress, pain and suffering and mental anguish.

WHEREFORE, Plaintiff, ROBERT BROWNE, demands judgment against Defendants SHERIFF, SHERIDAN, FREIBURGER and BROWN, including but not limited to:

(a) compensatory damages for past and future medical expense, past and future emotional distress, humiliation, pain and suffering; mental anguish, loss of wages and other expenses, including attorney fees;

(b) the costs of this action and a trial by jury of all issues triable of right by jury; and

(c) any other further relief the court may deem necessary and proper to make Plaintiff

whole.

## COUNT IV - STATE COUNT: FALSE IMPRISONMENT

Plaintiff, ROBERT BROWNE, sues Defendants, SHERIFF, SHERIDAN, FREIBURGER and BROWN for false imprisonment as follows:

37. Plaintiff, ROBERT BROWNE, realleges and reavers all the allegations contained in paragraph 1-23 as if fully set forth herein.

38. Plaintiff, ROBERT BROWNE, has complied with all of the provisions of Florida Statute 768.28 prior to bringing this suit and attaches hereto and makes a part of this Complaint copies of letters sent to the Collier County Sheriff's Department and State Department of Financial Services as Exhibits A and B.

39. On October 5, 2005, Defendants, SHERIDAN, FREIBURGER and BROWN without a warrant or probable cause to do so, arrested and falsely imprisoned and restrained ROBERT BROWNE resulting in damage to him. As a result of the unlawful arrest and detention, ROBERT BROWNE had to retain counsel and to pay counsel a reasonable fee for their services.

40. As a direct and proximate result of the negligent actions of Defendants, SHERIDAN, FREIBURGER and BROWN in failing to obtain a warrant for the arrest of ROBERT BROWNE and in failing to have probable cause or other authority to arrest ROBERT BROWNE on a traffic violation, ROBERT BROWNE suffered damages including spending time in the Collier County jail, suffering embarrassment, humiliation, mental pain and suffering, mental anguish, and the loss of enjoyment of life, as well as the resulting cost of having to retain counsel represent him, bail and loss of wages.

WHEREFORE, Plaintiff, ROBERT BROWNE, demands judgment against Defendants, SHERIFF, SHERIDAN, FREIBURGER and BROWN, including but not limited to:

(a) compensatory damages for past and future medical expense, past and future emotional distress, humiliation, pain and suffering; mental anguish, loss of wages and other expenses, including attorney fees and bail costs;

(b) the costs of this action and a trial by jury of all issues triable of right by jury; and

(c) any other further relief the court may deem necessary and proper to make Plaintiff whole.

## COUNT V - STATE COUNT: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff, ROBERT BROWNE, sues Defendants, SHERIFF and DENNISON, for negligent infliction of emotional distress as follows:

41. Plaintiff, ROBERT BROWNE, realleges and reavers all the allegations contained in paragraph 1-23 as if fully set forth herein.

42. Plaintiff, ROBERT BROWNE, has complied with all of the provisions of Florida Statute 768.28 prior to bringing this suit and attaches hereto and makes a part of this Complaint copies of letters sent to the Collier County Sheriff's Department and State Department of Financial Services as Exhibits A and B.

43. After ROBERT BROWNE was transported to the Collier County jail on or about October 5, 2005, he was placed in a holding cell with his hands cuffed behind his back. Shortly after being placed in the cell, DENNISON entered the holding cell and walked directly toward ROBERT BROWNE as he was standing with his hands cuffed behind his back against the rear wall of the cell.

44. DENNISON walked directly to ROBERT BROWNE and without any warning tasered ROBERT BROWNE causing him to be rendered unconscious and to fall to the floor. As a result to the fall to the floor, ROBERT BROWNE fractured several ribs and sustained lacerations to his face and other injuries. ROBERT BROWNE also suffered pain and suffering, mental anguish, disability, psychological trauma and incurred medical expenses for the treatment of his injuries. The damages are ongoing.

45. After ROBERT BROWNE was rendered unconscious, he was examined by medical personnel in the jail who failed to diagnose the severity of his injuries and missed the fractured ribs. ROBERT BROWNE was left in that condition until the following day when he was released and could seek medical treatment.

46. As a direct and proximate result of the negligent tasering of ROBERT BROWNE by DENNISON, ROBERT BROWNE suffered injury and damages which include cost of medical treatment, pain and suffering, disability, mental anguish, psychological trauma and loss of the enjoyment of life, as well as lost wages. These damages are ongoing.

WHEREFORE, Plaintiff, ROBERT BROWNE, demands judgment against Defendants, SHERIFF and DENNISON, including but not limited to:

(a) compensatory damages for past and future medical expense, past and future emotional distress, humiliation, pain and suffering; mental anguish, loss of wages and other expenses, including attorney fees;

(b) the costs of this action and a trial by jury of all issues triable of right by jury; and

(c) any other further relief the court may deem necessary and proper to make Plaintiff whole.

## COUNT V - STATE COUNT: ASSAULT AND BATTERY

Plaintiff, ROBERT BROWNE, sues Defendants, SHERIFF and DENNISON, for assault and battery as follows:

47. Plaintiff, ROBERT BROWNE, realleges and reavers all the allegations contained in paragraph 1-23 as if fully set forth herein.

48. Plaintiff, ROBERT BROWNE, has complied with all of the provisions of Florida Statute 768.28 prior to bringing this suit and attaches hereto and makes a part of this Complaint copies of letters sent to the Collier County Sheriff's Department and State Department of Financial Services as Exhibits A and B.

49. On or about October 5, 2005, while ROBERT BROWNE was standing with his hands cuffed behind his back motionless against the rear wall of the holding cell, Defendant, DENNISON, unlawfully and intentionally tasered him which directly resulted in injury and damage to ROBERT BROWNE. As a direct result of the unlawful and unjustified tasering, ROBERT BROWNE fell to the floor, unconscious, fracturing ribs and suffering lacerations to his head and other injuries, including psychological injuries.

50. DENNISON's use of unnecessary and excessive force to ROBERT BROWNE resulted in his suffering severe physical and mental injuries, causing him great pain and suffering, disability and mental anguish, as well as incurring medical and other expenses.

51. In inflicting the described harm and injuries to ROBERT BROWNE, DENNISON acted maliciously and wantonly intending to wrongfully and unlawfully inflict physical injury, mental pain and suffering, mental anguish to and upon ROBERT BROWNE.

WHEREFORE, Plaintiff, ROBERT BROWNE, demands judgment against Defendants,

SHERIFF and DENNISON, including but not limited to:

(a) compensatory damages for past and future medical expense, past and future emotional distress, humiliation, pain and suffering; mental anguish, loss of wages and other expenses, including attorney fees;

(b) punitive damages against Defendant, DENNISON;

(c) the costs of this action and a trial by jury of all issues triable of right by jury; and

(d) any other further relief the court may deem necessary and proper to make Plaintiff whole.

## COUNT VI - STATE COUNT: FAILURE TO TRAIN

Plaintiff, ROBERT BROWNE, sues Defendant, SHERIFF, for failure to train as follows:

52. Plaintiff, ROBERT BROWNE, realleges and reavers all the allegations contained in paragraph 1-23 as if fully set forth herein.

53. Plaintiff, ROBERT BROWNE, has complied with all of the provisions of Florida Statute 768.28 prior to bringing this suit and attaches hereto and makes a part of this Complaint copies of letters sent to the Collier County Sheriff's Department and State Department of Financial Services as Exhibits A and B.

54. On or about October 5, 2005, SHERIFF failed to have in place sufficient training safeguards so that deputies in his employ would not or could not and without provocation or authority, use a taser on persons such as Plaintiff, ROBERT BROWNE, who was in custody and care of the Collier County Sheriff's Department in its jail and failed to train or instruct his Deputies in regard to the proper care and treatment of persons, such as ROBERT BROWNE, in their custody.

55. The negligent failure to have safeguards in place to prevent the unauthorized and unnecessary tasering of ROBERT BROWNE on or about October 5, 2005 by a member of the Collier County Sheriff's Department directly resulted in damage and injury to ROBERT BROWNE including physical injury, pain and suffering, disability, mental anguish, psychological injury, as well as past and future medical and other expenses.

WHEREFORE, Plaintiff, ROBERT BROWNE, demands judgment against Defendant, SHERIFF, including but not limited to:

(a) compensatory damages for past and future medical expense, past and future emotional distress, humiliation, pain and suffering; mental anguish, loss of wages and other expenses, including attorney fees;

(b) the costs of this action and a trial by jury of all issues triable of right by jury; and

(c) any other further relief the court may deem necessary and proper to make Plaintiff whole.

GERAGHTY, DOUGHERTY & EDWARDS, P.A.
Post Office Box 1605
Fort Myers, Florida 33902-1605
Telephone: (239) 334-9500
Facsimile : (239) 334-3860

By: _____
Patrick E. Geraghty
Florida Bar No. 0114920
pat@7-litagators.com